IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MYRA D. STONE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  3:11-CV-1459-BH |
| § | |
| CAROLYN W. COLVIN, § | |
| ACTING COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the consent of the parties and the order of transfer dated September 20, 2011, this case has been transferred for the conduct of all further proceedings and the entry of judgment. Before the Court is *Defendant's Opposed Motion for Relief from Judgment and Order Under Fed.R.Civ.P.60(b)*, filed September 26, 2012 (doc. 27). Based on the relevant filings and applicable law, the motion is **DENIED.**

**I. BACKGROUND[1]**

Myra D. Stone (Plaintiff) applied for disability insurance benefits and supplemental security income in August 2005, alleging disability beginning July 15, 2005, due to chronic pancreatitis. (R. at 25–26, 43, 80–81, 242.) Her applications were denied initially and upon reconsideration. (R. at 23–37, 229–41.) On January 20, 2010, following a remand by the Appeals Council, and after holding a second hearing, the ALJ issued his decision finding Plaintiff not disabled. (R. at 14–17.) After the Appeals Council denied her second request for review, Plaintiff appealed the Commissioner's decision to the United States District Court pursuant to 42 U.S.C. § 405(g). (*See*

---

[1] The background information comes from the transcript of the administrative proceedings, which is designated as "R."

doc. 1.) On August 3, 2012, the Court remanded the case to the Commissioner (Defendant), finding that the ALJ's failure to apply the *Stone* severity standard at step two was reversible legal error. *See Stone v. Astrue*, No. 3:11-CV-1459-BH, 2012 WL 3150941, at *6 (N.D. Tex. Aug. 3, 2012) (mem. op. & order) (doc. 24).

## II. RULE 60(b) MOTION

Defendant seeks relief from judgment under Fed. R. Civ. P. 60(b)(1) and (b)(6), on grounds that "the Court erred in ordering that this matter be remanded ... based on the [ALJ's] step-two finding." (doc. 27 at 2–4.)

Rule 60(b)(1) provides that, upon motion, a court may relieve a party from a final judgment in the event of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) is a "catch-all provision" that provides relief for any reason other than those listed in clauses (b)(1) through (b)(5). *Anthony v. Canal Indem. Co.*, 347 F. App'x 110, 112 (5th Cir. 2009); *see also* Fed. R. Civ. P. 60(b)(6). Notably, relief under Rule 60(b)(6) may be granted only if the court is presented with "extraordinary circumstances." *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002); *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990).

The Fifth Circuit has set forth the following considerations for evaluating a Rule 60(b) motion: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening

equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

### A.     Rule 60(b)(1): "Mistake"

Defendant contends that relief from judgment is merited because "the ALJ properly denied Plaintiff's disability claims at step one, notwithstanding his unnecessary ... discussion of the severity of Plaintiff's impairments at step two." (doc. 27 at 4–5.) She contends that the Court's order remanding the case based on the ALJ's step two finding qualifies as a "mistake" under Rule 60(b)(1). (*Id.* at 4.)

In determining disability, if the ALJ "*can* find" that the claimant is "disabled or not disabled at a step" of the sequential evaluation process, she "make[s] [her] determination or decision [at that step] and [does] *not* go on to the next step." 20 C.F.R. § 404.1520(a)(4) (2012) (emphasis added). If, on the other hand, the ALJ "*cannot* find" that the claimant is "disabled or not disabled at a step," she "go[es] on to the next step." *Id.* (emphasis added). The Social Security Act defines "disability," in relevant part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 423(d)(1)(A) (West 2004).

At step one of the disability determination process, the ALJ determines whether the claimant engaged in substantial gainful activity (SGA) during her alleged disability period. 20 C.F.R. § 404.1520(a)(4)(i). "[I]f the claimant is working and [her] work constitutes [SGA], then the [ALJ] will find the claimant not disabled, regardless of the claimant's medical condition," age, education, or work experience. *Durham v. Astrue*, No. CIV.A. 11-1482, 2012 WL 3879534, at *4 (W.D. La.

July 31, 2012), *recommendation adopted*, 2012 WL 3879274 (W.D. La. Sept. 5, 2012) (citing 20 C.F.R. § 404.1520(b)); *see also Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (per curiam).

SGA is work activity that "involves doing significant physical or mental activities" and is done, or is "usually done, for pay or profit, whether or not a profit is realized." 20 C.F.R. §§ 404.1572–404.1573, 416.972–416.973; *Singletary v. Bowen*, 798 F.2d 818, 820 (5th Cir. 1986); *see also* Social Security Ruling (SSR) 83-33, 1983 WL 31255, at *1 (S.S.A 1983) ("'Significant [work] activities' are useful in the accomplishment of a job and have economic value."). The claimant's "countable earnings" are the "primary consideration"[2] in determining whether her work activity constitutes SGA. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1); SSR 83-33, 1983 WL 31255, at *2. To calculate countable earnings, the ALJ "determine[s] [the claimant's] gross earnings, i.e., the total earnings reported for work activity" during the relevant period, "subtract[s] the value of any subsidized earnings[3] … and the reasonable cost of any impairment-related work expenses [IRWE],"[4] and "average[s] [the net] earnings over the entire period of work requiring evaluation." 20 C.F.R. §§ 404.1574a(a), 404.1574(b); SSR 83-33, 1983 WL 31255, at *3. If the claimant's average monthly countable earnings exceed a designated threshold amount, she will "ordinarily" be found to have engaged in SGA, and if they fall below a designated floor,[5] she will "ordinarily" be found not to have engaged in SGA. 20 C.F.R. §§ 404.1574(b), 416.974(b); *Durham*, 2012 WL 3879534,

---

[2] Other factors considered in determining whether the claimant's work is SGA are: (1) the time spent at work; (2) "how well" the claimant performs the work; (3) whether the claimant is self-employed; (4) the claimant's need for special conditions; and (4) the claimant's experience, skills, supervision, and responsibilities. 20 C.F.R. §§ 404.1510, 404.1573.

[3] Earnings are "subsidized" if they "exceed the reasonable value of the work [the claimant] perform[s] ... when compared with the same or similar work done by unimpaired persons." 20 C.F.R. § 404.1574(a)(2).

[4] IRWE are expenses incurred by the claimant that are "essential" for his or her work. 20 C.F.R. § 404.1576(a).

[5] These designated amounts are known as the "SGA Earnings Guidelines," which are promulgated by the administration and are adjusted periodically to reflect general increases in wages and salaries. SSR 83-33, 1983 WL 31255, at * 2.

at *5.

Significantly, work that is performed under "special conditions" may be found not to constitute SGA. *See* 20 C.F.R. § 1573(c) ("If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity.") The claimant may be working under special conditions if she: (1) requires and receives special assistance from other employees in performing her work; (2) is allowed to work irregular hours or take frequent rest periods; (3) is provided with special equipment or is assigned work especially suited for her impairment; (4) is able to work only because of specially-arranged circumstances; (5) is permitted to work at a lower standard of productivity or efficiency than other employees; or (6) is given the opportunity to work despite her impairment because of family relationship, past association with the employer, or the employer's concern for her welfare. *Id.* § 1573(c). Only if the claimant did not work during her alleged disability period, or it is determined at step one that her work activity did not constitute SGA, does the ALJ proceed to step two and "consider the medical severity of [the claimant's] impairment(s)." *See* 20 C.F.R. § 404.1520(a)(4)(ii).

After reviewing Plaintiff's "earning record" and concluding that she engaged in SGA during her alleged disability period, the ALJ went on to find that from July 2005 through January 2006, and from May 2009 through the date of his decision, "Plaintiff's chronic pancreatitis impairment was not of a sufficient duration to qualify as a severe impairment." (R. at 16.) He explained that "[g]iven the absence of any need for ongoing medical treatment for her pancreatitis," coupled with the fact that she "ha[d] not been off work for one year" since her alleged onset date, her "condition constitute[d] a non-severe impairment." (R. at 17.) The ALJ next concluded that Plaintiff was not entitled to benefits because she "ha[d] not been under a disability, as defined [by the Act], from July

15, 2005 through the date of [his] decision." (*Id.*) By not ending his discussion after finding that Plaintiff had engaged in SGA during her alleged disability period, but instead proceeding to find that her pancreatitis was not severe—due to the "insufficient duration" of her inability to engage in SGA, the ALJ effectively determined that she was not disabled based on his step two "severity" finding rather than on his step one "SGA" finding. (*See* R. at 16–17); *see also* 20 C.F.R. § 404.1520(a)(4); *Stone*, 2012 WL 3150941, at *6. Accordingly, the Court's order remanding the case based on the ALJ's step two (instead of his step one) findings does not constitute a "mistake" under Rule 60(b)(1).

**B.     Rule 60(b)(6): Catchall provision**

The Commissioner argues in the alternative that "the ALJ's step-one decision that Plaintiff was not disabled because she was engaged in [substantial gainful activity] qualifies as a reason justifying relief from the operation of the judgment" under Rule 60(b)(6). (*Id.* at 4.)

*1.     Step One*

After finding that Plaintiff earned "wages" from work activity during the relevant period, the ALJ did not calculate her "countable earnings" by deducting any work subsidies or IRWE from her gross earnings, as he was required to do under 20 C.F.R. § 404.1574(b). (*See* R. at 16–17.) He did not discuss or even mention the possibility that some of Plaintiff's earnings may not represent SGA because she worked under "special conditions" as defined by 20 C.F.R. § 404.1573(c). (*See id.*) He entirely failed to explain why Plaintiff's earnings, as compared with the SGA Earnings Guidelines, demonstrated that she could engage in SGA and she was therefore not disabled. This failure was legal error. *See McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 838 (N.D. Tex. 2008) (the violation of a regulation is legal error).

In the Fifth Circuit, legal error is "a basis for reversal of agency action and remand when a reviewing court concludes that the error is not harmless." *Id.* (citing *Pearson v. Barnhart*, No. 1:04-CV-300, 2005 WL 1397049, at *4 (E.D. Tex. May 23, 2005)). Harmless error exists "when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)). Plaintiff testified that her employers at Synned, Inc. provided her with an office close to the bathroom, excused her from company meetings, gave her a flexible work schedule, and allowed her to take time off work as needed to cope with her illness. (*See* R. at 378–79.) These special accommodations could qualify as work "subsidies" or as "special conditions" for purposes of calculating her "countable earnings." *See* 20 C.F.R. §§ 404.1573(c), 404.1574(a)(2). It is not inconceivable that a different SGA finding—and a different disability determination—might have been reached if the ALJ had calculated Plaintiff's "countable earnings" and compared them against the SGA Earnings Guidelines.

Accordingly, the ALJ's failure to make a proper step one SGA determination before addressing any step two severity considerations was not harmless error and warranted reversal. *See Henn v. Comm'r of Soc. Sec.*, No. 211-CV-385-FTM-29SPC, 2012 WL 2814011, at *13 (M.D. Fla. June 14, 2012), *recommendation adopted*, 2012 WL 2813878 (M.D. Fla. July 10, 2012) (remanding on step one error because there was no "indication that the ALJ considered whether [the claimant's] work was subsidized pursuant to 20 C.F.R. § 404.1574(a)(2)"); *Shepard v. Astrue*, No. 5:10-CV-323, 2011 WL 5419852, at *7–8 (D. Vt. Oct. 12, 2011), *recommendation adopted*, 2011 WL 5443064 (D. Vt. Nov. 9, 2011) (holding that the ALJ erred at step one by "fail[ing] to discuss whether [the claimant's] ... [past] job was done under 'special conditions,'" and the error was not harmless

because "the ALJ's step-four past relevant work [disability] determination, which was inextricably intertwined with the SGA determination, was also erroneous").

To the extent that the ALJ determined at step one that Plaintiff was not disabled because she was engaged in SGA, given his step one error, that disability determination does not qualify as a "reason justifying relief from the operation of the judgment" under Rule 60(b)(6).

### 2. *Step Two*

Defendant asserts that "opinions from this District have recently acknowledged that *Stone*-related errors can be harmless." (doc. 27 at 4.) She essentially contends that these cases qualify as a "reason justifying relief" under Rule 60(b)(6) because the ALJ's discussion of the severity of Plaintiff's impairments at step two, while "unnecessary," was nonetheless "harmless." (*Id.* at 4–5.)

The relevant regulation defines a severe impairment as "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Finding that a literal application of this regulation would be inconsistent with the Social Security Act, and may "impermissi[bly] ... deny benefits to individuals who are in fact unable to perform 'substantial gainful activity,'" the Fifth Circuit has held that an impairment is not severe "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). In *Stone*, the Fifth Circuit also held that it would assume that the ALJ and Appeals Council applied an incorrect severity standard, and would remand the case, unless the correct standard was set forth by reference to *Stone* or a similar opinion or by an "express statement" that the ALJ used *Stone*'s construction of the severity regulation. *Id.* at 1106; *accord Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

Nevertheless, the Fifth Circuit and district courts within this Circuit have recently held that *Stone* error does not mandate automatic reversal and remand, and application of harmless error analysis is appropriate, in cases where the ALJ proceeds past step two of the sequential evaluation process. *See, e.g.*, *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (per curiam); *Goodman v. Comm'r of Soc. Sec. Admin.*, No. 3:11-CV-1321-G BH, 2012 WL 4473136, at *9–10 (N.D. Tex. Sept. 10, 2012), *recommendation adopted*, 2012 WL 4479253 (N.D. Tex. Sept. 28, 2012); *Jones v. Astrue*, 821 F. Supp. 2d 842, 851 (N.D. Tex. 2011).

As some courts have explained, however, "*Stone* and post-*Stone* Fifth Circuit cases" continue to "hold that an ALJ's failure to apply the proper severity standard requires [automatic] remand when the ALJ ends his analysis at step two and finds that a claimant is not disabled because he has no severe impairments." *Foster v. Astrue*, No. CIV.A. H-08-2843, 2011 WL 5509475, at *14 (S.D. Tex. Nov. 10, 2011); *accord Ferguson v. Astrue*, No. 3:12-CV-00635-B-BK, 2012 WL 3925878, at *7 (N.D. Tex. Aug. 13, 2012), *recommendation adopted*, 2012 WL 3941779 (N.D. Tex. Sept. 10, 2012). Automatic reversal of cases where benefits are "prematurely" denied at step two, and application of harmless error analysis in cases where the ALJ proceeds past step two despite the *Stone* error, is a sound approach since "*Stone* merely reasons that the [severity] regulation cannot be applied to summarily dismiss, *without consideration of the remaining steps in the sequential analysis*, claims of those whose impairment is more than a slight abnormality." *Anthony v. Sullivan*, 954 F.2d 289, 294 (5th Cir. 1992) (emphasis added); *see also Jones*, 821 F. Supp. 2d at 851 (holding that application of harmless error analysis is appropriate where the ALJ proceeds past step two and does not "prematurely" deny benefits "based on an improper determination of 'non-severity'") (listing post-*Stone* Fifth Circuit cases).

Here, the ALJ did not cite to *Stone* or provide any indication that he applied the *Stone* severity standard in finding that Plaintiff's pancreatitis was not a severe impairment at step two. (*See* R. at 15–17.) He instead cited the severity definition set forth in 20 C.F.R. § 404.1520(c), which *Stone* found to be inconsistent with the Social Security Act, and also stated that "an impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." (R. at 15) (citing 20 C.F.R. §§ 401.1521, 416.921 and SSR 85-28, 96-3p, and 96-4p). Notably, the ALJ also cited 20 C.F.R. § 404.1505, which defines "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." (R. at 16.) Based on this definition, he stated that Plaintiff's pancreatitis "was not of sufficient duration to qualify as a severe impairment." (*Id.*) Lastly, the ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from July 15, 2005 through the date of his decision. (R. at 17.)

Because the ALJ made his disability determination and denied benefits at step two based on an incorrect severity standard, and he did not proceed to the remaining steps of the disability evaluation process, harmless error analysis was inapplicable, and his *Stone* error required remand. Accordingly, Defendant has not shown extraordinary circumstances such that relief under Rule 60(b)(6) is warranted in this case because the intervening case law applying harmless error analysis to *Stone* error where the ALJ proceeds past step two is inapposite.

### III. CONCLUSION

Defendant's motion for relief from judgment under Rule 60(b) is **DENIED.**

**SO ORDERED** on this 20th day of May, 2013.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE